

FILED
JAN 19 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RYAN THOMAS BECHARD,

    Plaintiff,

v.

UNITED STATES, *et al.*,

    Defendants.

Case: 1:22−mc−00004
Assigned To : Unassigned
Assign. Date : 1/19/2022
Description: Misc.

Civil Action No.

Chief Judge Beryl A. Howell

**ORDER**

Pending before the Court is plaintiff's *pro se* request to seal the entire case, *see* Compl. at 26, construed as a Motion to Seal, in the instant action seeking a declaratory judgment that plaintiff and his family members' "proper lawful political status [is] as 'non-citizen nationals'; also known as 'diplomatic officers,'" *id.* at 13, among other relief. Plaintiff requests that the case be sealed "and for it not to be available online or through the Court's Pacer CM/ECF database," *id.* at 26, without further argument for why sealing is justified. Plaintiff's motion to seal the entire case is denied. [1]

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). In a typical motion to seal court filings, courts consider six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980),

---

[1]    Under Local Civil Rule 40.7(f), the Chief Judge shall "hear and determine . . . motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint." LCvR 40.7(f). Plaintiff's other requests—for a fee waiver and to file electronically—will not be addressed here and may be raised again if plaintiff choses to refile the complaint under her full name.

1

in determining whether that presumption may be overcome. [2] When, however, a plaintiff initiating a lawsuit moves to file a case under seal simultaneously with the filing of the complaint, the motion is more akin to a request to proceed under a pseudonym. In both contexts, the plaintiffs are seeking to conceal their identities from the public and thus the same interests are at stake.

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The Federal Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the

---

[2] Those factors are:
   (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.
*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)).

public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Nevertheless, courts have, in special circumstances, permitted a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy and identifying the consequences that would likely befall it if forced to proceed in its own name." *Id*. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id*. (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and

3

constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

Plaintiff presents no justification for "the rare dispensation of anonymity." *In re Sealed Case*, 971 F.3d at 326. He does not demonstrate any need for secrecy or identify any consequences likely to befall him or others if this case proceeds on the public docket.

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Seal is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed not to file the plaintiff's Complaint until the plaintiff submits notice that the motion to seal is withdrawn and the plaintiff seeks to proceed with filing the Complaint on the public docket.

**SO ORDERED.**

Date: January 19, 2022

_____
BERYL A. HOWELL
Chief Judge